UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| Yisrael Jacobson,<br><br>                              Plaintiff,<br><br><br>      -v.-<br><br>ARS National Services, Inc.,<br><br>                              Defendant(s). | Civil Action No: 9:21-cv-81997<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Yisrael Jacobson (hereinafter referred to as "Plaintiff") brings this Complaint by and through his attorneys, against Defendant ARS National Services, Inc., hereinafter referred to as "Defendant"), based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1. Congress enacted the Fair Debt Collection Practices Act ("the FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After

determining that the existing consumer protection laws were inadequate. *Id* § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. Id. § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides, as well as where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this action pursuant to § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of Florida, County of Palm Beach.

8. Defendant is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6), with a principal place of business of 270 West 2nd Avenue, Escondido, California 92025, and may be served with process upon the Corporation Service Company, its registered agent for service of process at 1201 Hays Street, Tallahassee, Florida 32301.

9. Upon information and belief, Defendant uses the mail, telephone, and facsimile and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due another.

## FACTUAL ALLEGATIONS

10. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs 1-9 herein with the same force and effect as if the same were set forth at length herein.

11. Some time prior to April 12, 2021, an obligation was allegedly incurred to Citibank, N.A. (hereinafter "Citibank").

12. The original obligation arose out of a transaction in which money, property, insurance, or services, which are the subject of the transaction, are primarily for personal, family, or household purposes. Specifically, a personal Citibank credit card.

13. The Plaintiff is a "consumer" as defined by 15 U.S.C.§ 1692a(3).

14. The subject obligation is consumer-related, and therefore a "debt" as defined by 15 U.S.C.§ 1692a(5).

15. Defendant was contracted by the original creditor for the purpose of debt collection. Therefore, Defendant is a "debt collector" as defined by 15 U.S.C.§ 1692a(6).

16. Defendant chose to contact Plaintiff regarding the debt via a written correspondence in an attempt to collect the alleged debt.

17. However, rather than preparing and mailing a collection letter on its own, Defendant transmitted information regarding Plaintiff and his debt to a commercial mail house vendor.

18. Defendant disclosed the following information to its vendor:

   a. Plaintiff's status as a debtor;

   b. the exact balance of the debt;

   c. the entity to which he owed the debt;

   d. that the debt concerned Plaintiff Yisrael Jacobson;

   e. The address of the Plaintiff;

   f. And other personal information.

19. The Defendant's vendor then populated some or all of this consumer information into pre-written template, printed it, and prepared the letter for mailing to Plaintiff's residence in Florida. (*See* Letter- Exhibit A).

20. The FDCPA defines a "communication" at 15 U.S.C. § 1692a(3) as "the conveying of information regarding a debt directly or indirectly to any person through any medium."

21. The sending of an electronic file containing information about Plaintiff's purported debt to a mail house vendor is therefore a communication.

22. Defendant's communication to its mail house vendor was "in connection with the collection of a Citibank debt" (§ 1692c(b)), as Defendant's objective was for Plaintiff to pay the alleged debt after receiving the mail house vendor's letter.

23. Plaintiff never provided consent to the debt collector for the debt collector to communicate with any third party.

24. In limiting disclosures to third parties, the FDCPA states, at 15 U.S.C. § 1692c(b):

> Except as provided in section 1692b of this title, <u>without the prior consent of the consumer given directly to the debt collector</u>, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, <u>a debt collector may not communicate</u>, in connection with the collection of any debt, <u>with any person other than the consumer</u>, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

(emphasis added).

25. The mail house vendor used by Defendant as part of its debt collection effort against Plaintiff does not fall within any permitted exception provided for in 15 U.S.C. § 1692c(b).

26. Due to Defendant's communication to its mail house vendor, information about Plaintiff (including, inter alia, his name, the amount allegedly owed, the entity to which he owed the debt, and Plaintiff's home address) was transmitted to the possession of an unauthorized third-party.

27. Defendant violated the personal privacy of Plaintiff in its communication with its mail house vendor.

28. As a result of the Defendant's violations of the FDCPA, the Plaintiff was harmed. Plaintiff was harmed by being subjected to abusive debt collection practices, from which he had a substantive right to be free, by having his privacy invaded, and by having his private and protected information shared with unauthorized parties.

29. These violations by Defendant were unconscionable, knowing, willful, negligent, and/or intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

30. Defendant's collection efforts with respect to the debt caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA prohibits debt collectors from communicating consumers' personal information to third parties "in connection with the collection of any debt." *Hunstein v. Preferred Collection & Mgmt. Servs.*, 994 F.3d 1341, 1345 (11th Cir. 2021).

31. Plaintiff's injury was concrete as it was a tangible harm. The Plaintiff was emotionally distressed due to Defendant's transmittal of Plaintiff's personal information to a third party.

32. In the alternative, Plaintiff's injury was concrete as it was a risk of real harm that Plaintiff's personal information would be viewed and disseminated by unwanted third parties.

33. In the alternative, Plaintiff's injury was concrete as the Defendant violated the FDCPA, which "prohibits a debt collector from 'communicat[ing], in connection with the collection of any debt, with any person other than the consumer'". *Id.* at *11. 1348. In order to establish standing through such a statutory violation, "a plaintiff … need not allege any additional harm beyond the one Congress has identified." *Id.* at 1346-47 (quoting *Spokeo v. Robins*, 136 S. Ct. 1540, 1549, 194 L. Ed. 2d 635 (2016)).

34. Therefore, this Court has Article III standing, as the FDCPA's statutory findings explicitly identify "invasions of individual privacy" as one of the harms against which the statute is directed. 15 U.S.C. § 1692(a). This is "sufficient." *Id.* at 1348 (holding that a violation of § 1692c(b) gives rise to a concrete injury in fact under Article III).

35. As a result of Defendant's communication with its vendor, Plaintiff has been damaged.

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692c *et seq.*

36. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

37. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692c.

38. Pursuant to 15 U.S.C. §1692c(b) of the FDCPA:

> Except as provided in section 1692b of this title, <u>without the prior consent of the consumer given directly to the debt collector</u>, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, <u>a debt collector may not communicate</u>, in connection with the collection of any debt, <u>with any person other than the consumer</u>, his attorney, a consumer reporting agency if otherwise permitted by law,

the creditor, the attorney of the creditor, or the attorney of the debt collector.

(emphasis added).

39.     Defendant violated §1692c(b) by transmitting the Plaintiff consumer's personal information to its mail house vendor.

40.     By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant's conduct violated Section 1692c(b) et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

41.     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from Defendant, as follows:

a)   For actual damages provided and pursuant to 15 U.S.C. § 1692k(a)(1);

b)   For statutory damages provided and pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c)   For attorney fees and costs provided and pursuant to 15 U.S.C. § 1692k(a)(3);

d)   For declaratory relief stating that Defendant violated the FDCPA pursuant to 28 U.S.C. §2201; and

e)   For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated: October 28, 2021                                                  Respectfully Submitted,

**ZEIG LAW FIRM, LLC**
/s/ Justin Zeig
Justin Zeig, Esq.
3475 Sheridan St. Ste 310

Hollywood, FL 33021
Telephone: (754) 217-3084
Facsimile: (954) 272-7807
justin@zeiglawfirm.com
*Counsel for Plaintiff*